## CIRCUIT COURT OF THE CITY OF RICHMOND

Richard W. Hatcher, Jr.

v.

James E. Sealey

June 14, 1984

Case No. 84-331

By JUDGE WILLARD I. WALKER

This matter is before the court on the judgment debtor's motion to quash garnishment against him and the codefendant, Bank of Middlesex, with respect to a joint bank account in the Bank of Middlesex in the name of the judgment debtor, James E. Sealey, and his wife.

In open court under oath I heard evidence from Mr. and Mrs. Sealey that the funds in the subject bank account are entirely the funds of the wife, having been derived from an inheritance; that no funds are commingled in the wife's account; that the husband has the power to draw checks upon the account but has never done so; and that the funds are used by the wife to pay household expenses and other matters which she deems appropriate.

Based on the provisions of Code of Virginia § 6.1-125.1 and § 6.1-125.3, a multiparty account means, among other things, a joint account. A joint account means an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship. In this case it does not

appear this was an account with right of survivorship. A joint account belongs during the lifetime of all the parties to the parties in proportion to the net contributions by each to the sums on deposit, except that a joint account between persons married to each other shall belong to them equally, and unless, in either case, there is clear and convincing evidence of a different intent. Section 6.1-125.3

Although the 1982 amendment to subsection A of this Code section changed the law and created a presumption that a joint account between married persons belonged to them equally, the section still provides that will not be the law if clear and convincing evidence indicates a different intent between the parties as to equal ownership.

Under the facts of this case, with no contradictory evidence being offered by the creditor, it appears conclusively to me from clear and convincing evidence that it was not the intent of these parties to own these funds on an equal basis. Rather, these funds are funds derived from the wife's inheritance and are deemed by her and by her husband to be her sole estate. His name upon the account is merely an accommodation.

Accordingly, I find that the judgment debtor has no ownership in the money on deposit to the joint account at the Bank of Middlesex, and, accordingly, I rule that the garnishment in this matter must be dismissed.